**SACOM**
**STEVEN M. BURRIS, ESQ.**
Nevada Bar No. 000603
sb@steveburrislaw.com
**GARY L. MYERS, ESQ.**
Nevada Bar. No. 003120
gm@steveburrislaw.com
**BURRIS & THOMAS, LLC**
2810 W. Charleston Boulevard, Suite F-58
Las Vegas, Nevada 89102
(702) 258-6238 - Telephone
(702) 258-8280 - Facsimile
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MIA EMERY, an individual,<br><br>  Plaintiff,<br><br> vs.<br><br>WARM SPRINGS ROAD CVS, LLC., a Domestic Limited-Liability Company; TRAVIS BILL, an individual; DOES I through X; and ROE CORPORATIONS I through X,<br><br>  Defendants. | Case No. 2:23-cv-00360-JCM-DJA |

**SECOND AMENDED COMPLAINT**

Plaintiff MIA EMERY, an individual, by and through her attorneys, the LAW OFFICES of BURRIS & THOMAS, for her causes of action against Defendants, and each of them, complains and alleges as follows:

**I.**

**PARTIES**

1.  At all times relevant herein, Plaintiff MIA EMERY (sometimes "Ms. EMERY") was a resident of Clark County, Nevada.

2.  At all times relevant herein, Defendant WARM SPRINGS ROAD CVS, LLC., a Domestic Limited-Liability Company, was doing business as CVS Pharmacy #2955 and was located at 3290 S. Fort Apache Road, Las Vegas, Nevada 89117.

3. At all times relevant herein, Defendant WARM SPRINGS ROAD CVS, LLC., operated, managed, controlled, supervised, regulated, etc. CVS Pharmacy #2955, located at 3290 S. Fort Apache Road, Las Vegas, Nevada 89117.

4. At all times relevant herein, Defendant TRAVIS BILL, an individual, was an employee of Defendant WARM SPRINGS ROAD CVS, LLC., was the pharmacist who filled the prescription for Duloxetine that is the subject of this lawsuit and was the "managing pharmacist," as that term is used in NRS 639.220(1) and (2), of CVS Pharmacy #2955.

5. The true names and capacities, whether individual, corporate, associate or otherwise, of the Defendants, DOES I through X, and ROE CORPORATIONS I through X, are presently unknown to Ms. EMERY who therefore sues said Defendants by such fictitious names. Ms. EMERY is informed and believe and therefore alleges that Defendants designated herein as DOES and ROE CORPORATIONS are in some way(s) negligently, intentionally, contractually, willfully, strictly or otherwise are legally responsible in some manner for the events and happenings referred to herein and proximately caused damages to Plaintiff as herein alleged. Ms. EMERY will ask leave of the Court to amend her Complaint, to insert or specify the true names and capacities of DOES I through X and ROE CORPORATIONS I through X, when the same have been ascertained, and to join such Defendants in this action.

6. At all times relevant herein, all currently named Defendants as well as the DOE and ROE Defendants, were the employers, employees, masters, agents, supervisors, joint venturers, etc. of the other Defendants and were acting within the course and scope of their employment, agency, joint venture, relationship, etc. Defendants therefore are vicariously liable for all damages caused by their employees', managers', joint venturers' and agents' negligent, willful, malicious and reckless conduct under the doctrine of *respondeat superior* and pursuant to other principles and theories..

7. At all times relevant herein, Defendant WARM SPRINGS ROAD CVS, LLC. was vicariously liable under the legal doctrine of *respondeat superior* for the negligent actions and inactions of its employees, agents, officers, managers and contractors, including its employee Defendant TRAVIS BILL.

## II.

## FACTUAL ALLEGATIONS

8. Prior to August 26, 2021, Ms. EMERY filled a prescription at CVS Pharmacy #2955 that called for Duloxetine 60 mg. However, due to defendants' negligence the wrong medication was provided to her. Upon information and belief, the pharmacist that filled the prescription was Defendant TRAVIS BILL, NPI #1619572575.

9. On or about August 26, 2021, Ms. EMERY took (ingested) what she thought was her prescribed medication, Duloxetine, however, due to defendants' negligence that medication was not Duloxetine. The medication turned out to be Ambien, and Ms. EMERY took a large dosage of this medication, which is a sleeping pill and a controlled substance. The bottle was labeled incorrectly, and/or the wrong pills were put into bottle. Providing Ms. EMERY with a controlled substance without a prescription, and mislabeling the bottle, are negligence per se, since this is in violation of statute and regulation.

10. Due to this medication error, Ms. EMERY sustained substantial bodily injury.

11. As a direct and proximate result of the aforesaid negligence by defendants, Ms. EMERY suffered serious bodily injury and pain of mind and body, some or all of which may continue into the future and which may be permanent in nature, all to her general damage in an amount in excess of Fifteen Thousand Dollars ($15,000.00, and she has incurred medical bills and will have future medical bills in amounts to be shown at time of trial.

12. As a further direct and proximate result of the aforesaid negligence of defendants, Ms. EMERY has been caused and may in the future be caused to sustain loss of income and/or impairment of earning capacity, the exact amount of which shall be determined at the time of trial.

13. The conduct, failures and omissions by defendants were negligent and also constituted despicable conduct which was done and occurred with conscious disregard for rights and safety of Ms. EMERY.

14. At all times alleged herein, Defendant WARM SPRINGS ROAD CVS, LLC., by and acting through its officers, directors, managers, managing agents, etc., had advance knowledge and knew of the negligent and wrongful acts and omissions of its employees set forth herein and

1  expressly authorized and ratified those wrongful acts and omissions of its employees.
2  Additionally, the officers, directors, agents, managing agents, etc. of Defendant WARM
3  SPRINGS ROAD CVS, LLC. were expressly authorized and empowered to direct and ratify
4  their employees' conduct on behalf of WARM SPRINGS ROAD CVS, LLC., and did direct and
5  ratify their employees' conduct on behalf of WARM SPRINGS ROAD CVS, LLC. These actions
6  and inactions were done with actual or implied malice.

## III.
## FIRST CAUSE OF ACTION
**(Negligence)**

10   15.   Plaintiff repeats and realleges each and every allegation contained in all paragraphs above and hereby incorporates the same as though fully set forth herein.

12   16.   Defendants had a duty to use reasonable care in providing the proper medication to Ms. EMERY, who relied upon defendants to provide the proper medication. In providing the wrong medication, defendants breached their duty of care, which caused harm and substantial bodily injury to Ms. EMERY.

16   17.   In addition to the foregoing, defendants are liable for negligence under the principle or theory of res ipsa loquitur.

18   18.   As a direct and proximate result of defendants' negligence, Ms. EMERY has suffered damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

   WHEREFORE, Plaintiff, expressly reserving her right to amend this Second Amended Complaint at time of the trial of action herein to include all items of damages not yet ascertained, demands judgment against Defendants, as follows:

   1.   For general and compensatory damages against Defendants individually, jointly and severally in accordance with proof at trial, in excess of Fifteen Thousand Dollars ($15,000.00);

   2.   For special damages against Defendants individually, jointly and severally in accordance with proof at trial;

. . .

1    3.   For punitive damages against Defendants individually, jointly and severally in accordance with proof at trial;

2    4.   For an award of reasonable attorney's fees;

3    5.   For the costs of suit incurred herein;

4    6.   For prejudgment and post-judgment interest at the maximum amount allowed by law; and

5    7.   For such other and further relief as the Court deems just and proper.

DATED this 18th day of September, 2023.

                                            BURRIS & THOMAS, LLC

                                            */s/ Steven M. Burris*
By:_____
Steven M. Burris, Esq.
Nevada Bar No. 000603
sb@steveburrislaw.com
Gary L. Myers, Esq.
Nevada Bar. No. 003120
gm@steveburrislaw.com
2810 W. Charleston Blvd., Suite F-58
Las Vegas, Nevada 89102
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that service of the foregoing **SECOND AMENDED COMPLAINT** was filed electronically via the United States District Court for the District of Nevada via the Court's electronic filing system (CM/ECF). Notice of this filing will be sent to the CM/ECF registrants listed below by operation of the Court's electronic filing system.

Phillip N. Smith, Jr., Esq.
Brittany M. Llewellyn, Esq.
WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC
6385 S. Rainbow Blvd., #400
Las Vegas, Nevada 89118
*Attorneys for Defendants*

The parties may access this filing through the Court's system.

DATED this 18th day of September, 2023.

*/s/ Carla Dukowitz*

An Employee of Burris & Thomas, LLC